UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA EM CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN SEBELIUS, et al.,<br><br>Defendants. | CASE NO. C09-1515JLR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the court upon the motion to dismiss (Dkt. # 10) filed by Defendants Kathleen Sebelius, Secretary of the United States Department of Health and Human Services; Thomas R. Frieden, Director of the Centers for Disease Control and Prevention ("CDC"); Francis S. Collins, Director of the National Institutes of Health ("NIH"); and Margaret Ann Hamburg, Commissioner of Food and Drugs, United States Food and Drug Administration ("FDA"). Defendants move to dismiss Plaintiff Rebecca Em Campbell's complaint (Dkt. # 3) for failure to state a claim and for lack of standing. Having considered the submissions of the parties, the court GRANTS Defendants'

ORDER- 1

1  motion (Dkt. # 10), and DISMISSES Ms. Campbell's complaint (Dkt. # 3) without
2  prejudice and with leave to amend.

3  **I.   BACKGROUND**

4  Ms. Campbell, who is proceeding pro se, contends that Defendants have violated
5  the First, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to
6  the United States Constitution and the Declaration of Independence by participating in a
7  "bank-based transnational corporate criminal conspiracy" to engage in "fraudulent
8  political, legal and financial contracts in the form of surreptitiously signed/enacted
9  international treaties and federal laws/executive orders enabling the mandated imposition
10 of bioweaponized H1N1 influenza vaccinations and quarantines/detentions through
11 martial law."  (Compl. ¶ 8; *see also id.* at 22-23.)  The core of Ms. Campbell's complaint
12 involves conduct by companies, organizations, and individuals who are not defendants in
13 this case, including the United Nations World Health Organization ("UN/WHO"),
14 "Rockefeller / Rothschild family interests," vaccine manufacturer Baxter International,
15 and various international banks.  With respect to the Defendants in this case, Ms.
16 Campbell alleges the following: (1) officials of the CDC, FDA, and NIH, among other
17 agencies, met with "major transnational pharmaceutical companies" in 2000 and began to
18 conspire to suppress research disproving the safety and efficacy of vaccinations (*id.* ¶¶
19 21-22, 70); (2) Commissioner Hamburg "publicly conferred" with a key UN/WHO
20 official in 2007 about a "future WHO-declared pandemic emergency eerily resembling
21 the one it has declared at present" (*id.* ¶ 30); (3) the United States government has "begun
22 actively planning for mass forced vaccinations, detainment and quarantine of American

citizens, including surreptitiously excavating mass gravesites" (*id.* ¶ 31); (4) the United States government allows Baxter International to manufacture vaccines for the United States despite a number of injuries and deaths allegedly involving Baxter vaccines (*id.* ¶ 42); (5) the CDC is not testing vaccines that include a non-FDA-approved toxic adjuvant, even though such vaccines will be used in the United States (*id.* ¶¶ 49, 73); and (6) Secretary Sebelius signed an emergency use order giving vaccine manufacturers immunity from prosecution and suit (*id.* ¶¶ 66, 72).

Ms. Campbell seeks an injunction preventing Defendants from "committing perjury concerning the alleged benefits or efficacy of any suspiciously derived/designed mandatory or voluntary vaccination," declaring corporate legal immunity for makers of vaccines, or imposing federally mandated vaccinations or quarantines on the American people. (Compl., Prayer for Relief ¶ 1.) She also asks the court to order the United States Attorney to investigate certain named persons, companies, and government officials for violations of the Racketeer Influenced and Corrupt Organizations Act and the Sherman Antitrust Act in order to "prevent any planned enforced bioweaponized vaccinations." (*Id.* ¶¶ 2-4.)

## II.   ANALYSIS

**A.   Failure to state a claim**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is

1  not enough for a complaint to "plead[] facts that are 'merely consistent with' a

2  defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, "[a] claim has

3  facial plausibility when the plaintiff pleads factual content that allows the court to draw

4  the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

5  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

6  than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,*

7  550 U.S. at 556).  Although a court considering a motion to dismiss must accept all of

8  the factual allegations in the complaint as true, the court is not required to accept as true

9  a legal conclusion presented as a factual allegation.  *Id.* at 1949-50 (citing *Twombly*, 550

10  U.S. at 556).  In the event the court finds that dismissal is warranted, the court should

11  grant the plaintiff leave to amend unless amendment would be futile.  *Lopez v. Smith*,

12  203 F.3d 1122, 1127 (9th Cir. 2000); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.

13  1980).

14        Accepting Ms. Campbell's factual allegations as true, the court finds that Ms.

15  Campbell's complaint fails to plead facts plausibly supporting her claims that the

16  Defendants violated her rights under the First, Fourth, Fifth, Seventh, Eighth, Ninth,

17  Tenth, and Fourteenth Amendments to the United States Constitution.  Ms. Campbell's

18  complaint contains only a few factual allegations involving the Defendants in this case,

19  and Ms. Campbell does not specify how that alleged conduct violated her constitutional

20  rights.  Even viewing Ms. Campbell's complaint under the "less stringent standard"

21  applied to pleadings filed by pro se litigants, *see Gillespie*, 629 F.2d at 640, the court

22  cannot find that the factual allegations in the complaint allow it to reasonably infer that

ORDER- 4

Defendants are liable for the misconduct alleged as required under *Iqbal* and *Twombly*. The court therefore grants Defendants' motion to dismiss Ms. Campbell's complaint for failure to state a claim.

**B.     Standing**

Even if Ms. Campbell had alleged facts sufficient to state a claim against Defendants, dismissal would be warranted because her complaint does not establish that she has standing to sue Defendants. Under Article III of the United States Constitution, the federal courts have jurisdiction over a dispute only if it is a "case" or "controversy." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 471 (1982). One element of the case-or-controversy requirement is that a plaintiff bears the burden of establishing that she has standing to bring suit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *see also Colwell v. Dept. of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). To establish standing under Article III, a plaintiff must show that (1) she has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is "fairly traceable to the challenged action of the defendant and not the result of theindependent action of some third party not before the court"; and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560 (internal citations omitted). To demonstrate an "injury in fact," "the plaintiff's complaint must establish that [s]he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to [her]," *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Where an injury has not yet occurred, the plaintiff must show

a "credible threat" that she will suffer the harm she alleges. *See LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1154-55 (9th Cir. 2000).

Defendants contend that Ms. Campbell has not alleged an actual or imminent injury because she makes no allegation that she either has received one of the FDA-approved H1N1 vaccines or is under any obligation to be vaccinated. (Mot. at 9.) In her response, Ms. Campbell asserts that:

> there is ongoing and imminent injury to plaintiff and other Americans when their constitutional rights are violated by spurious, surreptitiously enacted federal laws and executive orders (a) mandating submission to forced toxic vaccinations, (b) providing for medical martial law and (c) providing legal immunity for vaccine manufacturers. Such federal laws and executive orders are in full force and could be enforced at any time.

(Resp. (Dkt. # 12) at 11-12.) She further contends that the "actual enforcement" of these laws and executive orders "will directly result in bodily injury to plaintiff and other Americans through forced administration of toxic substances and the physical and psychological duress resulting from detention for exercising their constitutional rights to refuse to be vaccinated," and that, because the manufacturers of H1N1 vaccine have been granted immunity from suit, "[t]he lack of financial redress for injury caused by the H1N1 flu vaccine will result in financial duress to plaintiff and other Americans." (*Id.* at 13.)

The court finds that Ms. Campbell has not alleged an "injury in fact" that is "actual or imminent" and particularized to her as required to establish constitutional standing. *Raines*, 521 U.S. at 819; *Lujan*, 504 U.S. at 560. Although Ms. Campbell states in her response that the federal laws and executive orders she describes in her

1  complaint "could be enforced at any time" (Resp. at 12), she has not made any

2  allegations that would, if true, establish a "credible threat" of imminent future injury.

3  *LSO, Ltd.*, 250 F.3d at 1155.  Rather, Ms. Campbell's alleged injuries—bodily injury

4  caused by forced vaccinations, detention imposed for refusal to be vaccinated, and

5  financial duress resulting from an inability to sue a manufacturer whose vaccine causes

6  injury—are all based on future contingencies that may or may not occur.  These

7  contingencies render Ms. Campbell's alleged injuries too speculative to confer standing.

8  Thus, even if Ms. Campbell's complaint had stated a claim for relief, the court

9  nevertheless would grant Defendants' motion to dismiss Ms. Campbell's complaint for

10 lack of standing.

11                    **III.   CONCLUSION**

12     For the foregoing reasons, the court GRANTS Defendants' motion to dismiss

13 (Dkt. # 10) and DISMISSES Ms. Campbell's complaint (Dkt. # 3) without prejudice and

14 with leave to amend.  Ms. Campbell may file an amended complaint within 30 days of

15 entry of this order.

16     Dated this 20th day of April, 2010.

        *[signature]*

        JAMES L. ROBART
        United States District Judge

ORDER- 7